IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


OTIS LEAVELL WILLIAMS,

                              Plaintiff,

            v.                                    CASE NO.12-3201-SAC

STATE OF KANSAS, et al.,

                              Defendants.



MEMORANDUM AND ORDER


        This matter is a civil rights action filed pursuant to 42 U.S.C.
§ 1983 by a prisoner in state custody. Plaintiff proceeds pro se and
seeks leave to proceed in forma pauperis.

*The motion to proceed in forma pauperis*

        This motion is governed by 28 U.S.C. § 1915(b). Pursuant to
§1915(b)(1), the court must assess as an initial partial filing fee
twenty percent of the greater of the average monthly deposit or average
monthly balance in the prisoner's account for the six months
immediately preceding the date of filing of a civil action.

        Having examined the financial records submitted by the
plaintiff, the court finds the average monthly deposit to his account
is $44.49, and the average monthly balance is $8.59. The court
therefore assesses an initial partial filing fee of $8.50, twenty
percent of the average monthly deposit, rounded to the lower half
dollar.[1]

_____

[1] Plaintiff will be required to pay the balance of the $350.00 filing fee in install
-ments calculated pursuant to 28 U.S.C. § 1915(b)(2).

*Screening*

A federal court must conduct a preliminary screening of any case in which a prisoner seeks relief from a governmental entity or an officer of employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In conducting this screening, the court must identify any cognizable claim and must dismiss any claim that is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915A(b).

To avoid a summary dismissal, the complaint must present "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 US. 544, 570 (2007). The court must accept the well-pleaded allegations as true, and must construe them in the light most favorable to the plaintiff. *Id*. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter must be dismissed. *Id*. at 558.

The statute of limitations for a complaint filed pursuant to §1983 "is drawn from the personal-injury statute of the state in which the federal district court sits." *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). In Kansas, the applicable limitation period is the two-year statute of limitations for "injury to the rights of another." K.S.A. §60-503(a)(4); *see Garcia v. Univ. of Kan.*, 702 F.2d 849, 851 (10th Cir. 1983).

While state law is used to determine the statute of limitations, federal law determines when the federal claim accrues. *See Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir. 1993). "A § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1242, 1258 (10th

Cir.)(internal citation omitted), *cert. denied*, 549 U.S. 1059 (2006).

Here, plaintiff claims his father died in October 2007 as a result of inadequate medical attention by employees of the Kansas Department of Corrections. Even assuming that plaintiff could establish standing to present this claim, the plaintiff's failure to present the claim until September 2012 places the matter far outside the two-year limitation period. Accordingly, the court is considering the dismissal of this matter on the ground that it is not timely.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before December 28, 2012, plaintiff shall submit an initial partial filing fee of $8.50 to the clerk of the court. Any objection to this order must be filed on or before the date payment is due.

IT IS FURTHER ORDERED that on or before December 28, 2012, plaintiff shall show cause why this matter should not be dismissed due to his failure to present the claim within the two-year limitation period.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED:  This 26th day of November, 2012, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge