```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**OTIS LEAVELL WILLIAMS,**

                **Plaintiff,**

       v.                          CASE NO. 12-3201-SAC

**STATE OF KANSAS, et al.,**

                **Defendants.**

**MEMORANDUM AND ORDER**

    This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. By its order of November 26, 2012, the court directed plaintiff to submit an initial partial filing fee and to show cause why this matter should not be dismissed due to his failure to commence this action within the two-year limitation period. Plaintiff filed a timely response and submitted the partial fee as directed.

*The motion to proceed in forma pauperis*

    Plaintiff's motion is granted. Collection action shall continue pursuant to 28 U.S.C. § 1915(b)(2) until plaintiff satisfies the $350.00 filing fee.

*The statute of limitations*

    As set forth in the court's earlier order, this matter is a civil rights action filed pursuant to 42 U.S.C. § 1983 and is subject to a two-year limitation period. Plaintiff's claims arise from the death of his father in October 2007 while in custody, and he commenced this action in September 2012.

    Plaintiff states he failed to present the claim within two years because he was in fear. He also states that he understood there is no limitation period for murder and believed that he could file his

claim at any time.

"Procedural requirements established by Congress for gaining access to the federal courts are not be be disregarded by courts out of a vague sympathy for particular litigants." *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008)(quoting *Baldwin County Welcome Ctr. V. Brown*, 466 U.S. 147, 152 (1984)).

A party seeking equitable tolling must establish two criteria: first, that the party has diligently pursued his rights, and second, that extraordinary circumstances prevented him from timely presentation of the claims. *Pace v. DiGuglielmo*, 544 U.S. 408, 481 (2005)(citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990)).

Having considered the record, the court finds no basis to allow this matter to proceed. Neither plaintiff's vague allegation of a fear of retaliation nor his mistaken belief that no limitation period applied is sufficient to establish extraordinary circumstances. Plaintiff, as the party seeking equitable tolling, bears the burden of proving that his fear of retaliation is "both genuine and reasonable." *Olson v. Federal Mine Satefy and Health Review Comm'n*, 381 F.3d 1007, 1014 (10th Cir. 2004). His unsupported claim of fear is not an adequate showing. Likewise, to the extent plaintiff claims he misunderstood the applicable limitation period, "it is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

The court therefore concludes this matter must be dismissed due to plaintiff's failure to commence this matter within the two-year limitation period.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall continue pursuant to 28 U.S.C. § 1915(b)(2) until plaintiff satisfies the $350.00 filing fee in this matter.

IT IS FURTHER ORDERED this matter is dismissed due to plaintiff's failure to timely present his claims.

IT IS FURTHER ORDERED plaintiff's motion to appoint counsel (Doc. 3) is denied as moot.

Copies of this order shall be transmitted to the plaintiff and to the finance office of the facility where he is incarcerated.

**IT IS SO ORDERED.**

DATED: This 8th day of January, 2013, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge